**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DEMOTT W. HARRELL,                  :
                                    :   Civil Action No. 06-3527 (DRD)
            Petitioner,             :
                                    :
        v.                          :   **OPINION**
                                    :
KATHRYN MACFARLAND, et al.,         :
                                    :
            Respondents.            :


**APPEARANCES:**

Petitioner pro se                   Counsel for Respondents
Demott W. Harrell                   Simon Louis Rosenbach
South Woods State Prison            Middlesex Co. Prosecutor Ofc.
215 Burlington Road South           25 Kirkpatrick Street
Bridgeton, NJ 08302                 3rd Floor
                                    New Brunswick, NJ 08901

**DEBEVOISE**, District Judge

      Petitioner Demott W. Harrell, a prisoner currently confined
at South Woods State Prison in Bridgeton, New Jersey, has
submitted a petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2254.  The respondents are Administrator Kathryn
MacFarland and the New Jersey Attorney General.

      For the reasons stated herein, the Petition must be denied.

I.   BACKGROUND

The facts of the crimes are not in dispute.  On November 8, 1999, in Middlesex County, defendant robbed a victim at knifepoint.  On November 9, 1999, he robbed another individual at knifepoint in Somerset County.  On that same day, he was arrested for the Middlesex County robbery.

On February 24, 2000, defendant was indicted for the Middlesex County robbery and related offenses of aggravated assault, possession of a weapon for unlawful purposes, and burglary.  In or about the same month, defendant was indicted for the Somerset County robbery.  On June 19, 2000, the Somerset County indictment was consolidated with the Middlesex County indictment and was transferred to Middlesex County for disposition.  On July 24, 2000, pursuant to a negotiated agreement, defendant pled guilty to one count of armed robbery from each indictment.

On October 6, 2000, Petitioner was sentenced, pursuant to the plea agreement, to concurrent terms of nineteen years, subject to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2.  Petitioner was given 333 days of jail credit on the Middlesex County sentence, from the time he was arrested on the Middlesex County charges.  He was not given an additional 255 days of jail credit on the Somerset County sentence for the time he was held

2

on the Somerset County charges in addition to the Middlesex County charge.

On direct appeal, the Superior Court of New Jersey, Appellate Division, affirmed the sentence.  In his petition for certification, Petitioner presented one question for appeal: "Whether the N.J.S.A. 2C:44-1b(4), 'substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense' mitigating factor should rightfully be applied to defendants whose criminal conduct is directly related to their longstanding drug addition."  The Supreme Court denied certification on June 11, 2002.  State v. Harrell, 174 N.J. 40 (2002).

On August 20, 2002, Petitioner filed his first state petition for post-conviction relief.  Petitioner alleged (1) that his trial counsel provided ineffective assistance by failing to present an appropriate argument regarding mitigating factors, (2) that the NERA unconstitutionally deprives him of liberty without due process by depriving him of commutation and work credits to which he would otherwise be entitled, (3) that he was improperly denied 255 days jail credit for time spent in custody before his sentencing on the Somerset County conviction.  The trial court denied relief on August 26, 2003, after a non-evidentiary hearing.

3

The Appellate Division affirmed the denial of relief on December 9, 2004, and the Supreme Court of New Jersey denied certification on May 25, 2005.

Sometime thereafter Petitioner filed a second state court petition for post-conviction relief.[1]  The trial court denied relief on December 13, 2005.  Based upon that Order, it appears that Petitioner asserted "that the sentencing judge, the Hon. Barnett Hoffman, J.S.C., inappropriately found and applied aggravating factors and illegally sentenced the defendant."[2]

---

[1] Petitioner alleges that he filed the second state PCR petition in July 2005.  None of the parties before the Court have provided a copy of that petition or the PCR Court's docket. Petitioner has provided a copy of the trial court's Order denying relief.  Petitioner has also applied for an order requiring Respondents to provide a copy of the December 12, 2005, transcript of his PCR hearing.  Respondents have advised the Court that they can not locate any documents related to Petitioner's second state PCR petition.  In addition, the resolution of this Petition with respect to the claim raised in the second state PCR petition renders the transcript unnecessary. Accordingly, that Application [13] will be denied.

[2] This appears to be a claim that the sentence violated the rules announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), and clarified in Blakely v. Washington, 542 U.S. 296 (2004).  In Apprendi, applying the Sixth Amendment right to trial by jury, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 471, 490.  In Blakely, the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  542 U.S. at 303-04 (internal quotations omitted).

4

Petitioner asserts that Appellate Division dismissed his appeal of this order as untimely on June 7, 2006.  (Petition, ¶ 11(E)).

Petitioner then filed this Petition, dated June 22, 2006. He asserts the following claims: (1) that the deprivation of 255 days jail credits for the Somerset County conviction is contrary to the Due Process Clause of the U.S. Constitution, (2) that his attorney failed to properly present mitigating factors to the sentencing judge, in violation of Petitioner's constitutional right to effective assistance of counsel, (3) that the NERA sentence deprives Petitioner of his right to commutation and work credits contrary to the Due Process Clause of the Fourteenth Amendment, and (4) that the trial court found and applied aggravating factors that were not admitted by Petitioner nor found by a jury to sentence him to a term more punitive than the presumptive date.  Petitioner admitted in the Petition that the last claim had not been presented to the Supreme Court of New Jersey.  Following this Court's issuance of a notice pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Petitioner submitted an amendment to his Petition asserting the following additional claims: (5) because the indictments did not charge Petitioner with violating the NERA, the extended term he received was in violation of his "federal constitutional rights," (6) the sentencing judge found and applied aggravating factors that were not charged in the indictment contrary to the U.S. Constitution,

and (6) since NERA represents an "extended term," and since the plea bargain indicates that the prosecutor promised not to seek an extended term, the NERA portion of Petitioner's punishment is "contrary to the U.S. Constitution."

In the Answer, Respondents contend (1) that the claim challenging the failure to award jail credits presents an issue only of state law, not cognizable in federal habeas corpus, (2) that the ineffective assistance of counsel claim is meritless, (3) that the claim regarding the constitutionality of the NERA is meritless, and (4) that the claim regarding consideration of aggravating factors is meritless.[3]

Petitioner then filed a Rejoinder [12] in opposition to Respondents' Answer, in which Petitioner stated:

> Because my habeas petition has unexhausted issues I am unwilling to abandon, there is no point in me rehashing the merits of my exhausted issues at this time.  Besides ordering the respondents to provide the court and this petitioner with true copies of the PCR transcript, Your Honor should dismiss my habeas petition without prejudice and allow me to present my unexhausted issues to a state court.  See Rose v. Lundy, 455 U.S. 509, 510-522 (1982).  Should the Law Div. judge procedurally bar my claims, I should not be required to return to federal court until after the New Jersey Supreme Court upholds the procedural bar if it decides to do so.  In other words, this court should process this habeas petition as a "protective" petition.  See Pace[ v. Diguglielmo], supra, 125 S.Ct.

---

[3] Respondents also argue that the Petition is untimely. Respondents failed to consider the statutory tolling effect of the second state PCR petition, which was filed before the federal limitations period had run.  See 28 U.S.C. § 2244(d)(2). Accordingly, the Petition appears to be timely.

[1807,] at 1814 [(2005)], citing <u>Irwin v. Dept. of Veterans Affairs</u>, 498 U.S. 89, 96 (1990).

(Rejoinder at 2-3.)  This Court construes this as a request that it "stay and abey" this Petition while Petitioner exhausts his unexhausted claims in state court, pursuant to the procedure approved by the Supreme Court in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).  Respondents have not replied to Petitioner's request for a stay.

## II.  <u>ANALYSIS</u>

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."  28 U.S.C. § 2254(b)(1).  <u>See also</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997), <u>cert. denied</u>, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").[4]

---

[4] Although a petition for writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies.  <u>See</u> 28 U.S.C. § 2254(b)(2); <u>Lambert v. Blackwell</u>, 387 F.3d 210, 260 n.42 (3d Cir. 2004); <u>Lewis v.</u>

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts

_____

Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

must be the "substantial equivalent" of the claims asserted in
the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance
on the same constitutional provision is not sufficient; the legal
theory and factual basis must also be the same.  Id. at 277.

Moreover, the exhaustion doctrine is a "total" exhaustion
rule.  That is, "a district court must dismiss habeas petitions
containing both unexhausted and exhausted claims [('mixed'
petitions)]."  Lundy, 455 U.S. at 522.  At the time Lundy was
decided, there was no statute of limitations on the filing of
federal habeas petitions.  The enactment in 1996 of a one-year
limitations period for § 2254 habeas petitions,[5] however, "'has
altered the context in which the choice of mechanisms for
handling mixed petitions is to be made.'"  Crews v. Horn, 360
F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d
374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)).  Because
of the one-year limitations period, dismissal of a timely-filed
mixed petition may forever bar a petitioner from returning to
federal court.  "Staying a habeas petition pending exhaustion of
state remedies is a permissible and effective way to avoid
barring from federal court a petitioner who timely files a mixed
petition."  Crews, 360 F.3d at 151.  Indeed, the Court of Appeals
for the Third Circuit has held that "when an outright dismissal

---

[5] See 28 U.S.C. § 2244(d).

could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. ... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time

limits on a petitioner's trip to state court and back." Id. at 278. See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

Here, Respondents noted in their Answer Petitioner's failure to exhaust his Apprendi/Blakely claim. Petitioner has requested that this Court stay this proceeding pending his exhaustion of unexhausted claims.[6] Petitioner has failed, however, to establish that he had "good cause" for his failure to exhaust the unexhausted claims.

Few courts have provided guidance as to what constitutes "good cause" for failing to exhaust a claim in state court within the meaning of Rhines. In Pace v.DiGuglielmo, 544 U.S. 408

---

[6] Petitioner does not identify the unexhausted claims he wishes to exhaust. The only exhausted claims are Claims (2) that trial counsel failed to properly present mitigating factors to the sentencing judge, in violation of Petitioner's constitutional right to effective assistance of counsel, and (3) that the NERA sentence deprives Petitioner of his right to commutation and work credits contrary to the Due Process Clause of the Fourteenth Amendment. Claim (1), that the trial court had erred in refusing to award 255 days jail credits for the Somerset County conviction was presented to the state courts solely as a state law claim. The Apprendi/Blakely claim was not appealed timely to the Appellate Division. The three claims asserted in the Amended Petition have not been presented to the state courts in any form.

(2005), the Supreme Court stated, "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'"  Here in the Third Circuit, the Court of Appeals has emphasized the need to be mindful of Justice Stevens's concurrence in <u>Rhines</u>, which cautions that "'good cause' for failing to exhaust state remedies more promptly ... is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary <u>pro</u> <u>se</u> prisoner,'" but has not otherwise defined the standard to be applied.  <u>Ellison v. Rogers</u>, 2007 WL 1299120, *3 (3d Cir. May 4, 2007) (quoting <u>Rhines</u>, 544 U.S. at 279 (Stevens, J., concurring)).  Some lower federal courts have adopted the standard for "cause" applicable to procedural defaults, which requires that some "objective factor external to the defense" made it impossible to bring the claim earlier in state court proceedings, as required by <u>Coleman v. Thompson</u>, 501 U.S. 722, 754 (1991) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).  <u>See</u>, <u>e.g.</u>, <u>Tullis v. Kontah</u>, 2007 WL 915197 (S.D. Ohio) (collecting cases).  In <u>Jackson v. Roe</u>, the Court of Appeals for the Ninth Circuit rejected the contention that <u>Rhines</u> requires a showing of "extraordinary circumstances," but did not otherwise provide guidance.  At the opposite extreme, one court simply requires "a prima facie case that a justifiable, legitimate reason exists which warrants the delay of federal

proceedings while exhaustion occurs."  See Brisco v. Scribner,
2005 WL 3500499 (E.D. Cal. Dec. 21, 2005) (Report and
Recommendation), Report and Recommendation adopted, 2006 WL
568224 (E.D. Cal. March 3, 2006).

Here, under even the most generous of standards, Petitioner
has failed to establish "good cause" for his failure to exhaust
his state remedies.  With respect to the Apprendi/Blakely claim,
Petitioner actually raised that claim in his second petition but
abandoned it by failing to appeal timely to the Appellate
Division.  The other unexhausted claims are challenges to the
NERA or the legality of the sentence that were available to
Petitioner from the time of his sentencing.  They do not rely on
any change in the law or facts developed after sentencing.
Petitioner does not suggest that he filed in this Court out of
confusion nor does he suggest that he is pursuing his unexhausted
claims contemporaneously in state court in order to avoid delay.
Indeed, in his request for a stay, Petitioner fails to proffer
any reason whatsoever for his failure to exhaust these claims in
state court.  Under these circumstances, it would be an abuse of
discretion to grant a stay.  See Rhines, 544 U.S. at 276-78.

13

III.   <u>CONCLUSION</u>

For the reasons set forth above, the request for a stay will be denied.  An appropriate order follows.


**  /s/ Dickinson R. Debevoise  **
Dickinson R. Debevoise
United States District Judge

Dated: May 24, 2007